# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## (BID PROTEST)

(Electronically filed on October 12, 2017)

| | | |
|---|---|---|
| ELIAS GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-1490 |
| | ) | (Senior Judge Robert H. Hodges, Jr.) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## VISION PLANNING & CONSULTING, LLC'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Vision Planning & Consulting, LLC ("VPC"), by its undersigned counsel, respectfully submits this Memorandum in Support of its Unopposed Motion to Intervene. As set forth below, VPC is entitled to intervene as a matter of right in accordance with RCFC 24(a). Alternatively, the Court should permit VPC to intervene in accordance with RCFC 24(b).

## I.    STATEMENT OF FACTS

On October 6, 2017, plaintiff Elias Group, LLC ("Elias") served VPC with its Bid Protest Pre-Filing Notice (the "Notice"). Elias then filed its Complaint on October 10, 2017; however, as of the date of this filing, VPC does not have access to Elias' Complaint, which it filed under seal. As such, this Statement of Facts relies upon Elias' Notice.

Based on the Notice, Elias filed its Complaint to challenge the United States Department of Homeland Security, Federal Emergency Management Agency's ("FEMA") decision to make award to VPC under Solicitation No. HSFE40-16-R-0002 (the "RFP"). Notice at ¶ 2. Elias has not previously filed a protest with the United States Government Accountability Office ("GAO")

concerning this RFP.  Id. ¶ 6.  However, 2M Research Services, LLC ("2M") "has filed a series of protests regarding the RFP, which have been docketed as GAO Nos. B-413993.1 through .5." Id.  2M's GAO protest under B-413993.5 remains pending, which resulted in a stay of contract performance pursuant to the Competition in Contracting Act.  Id. ¶ 5.  The Notice states that as a result of the stay, at this time, Elias does not intend to seek a Temporary Restraining Order and Preliminary Injunction.  Id.  Should GAO lift the stay during this litigation, Elias may then seek injunctive relief.  Id.

This motion follows.

## II.  ARGUMENT

### A.  VPC Is Entitled To Intervene As A Matter Of Right

VPC is entitled to intervene in this action as a matter of right under RCFC 24(a), which provides that:

> On timely motion, the court must permit anyone to intervene who:
> . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a).  In accordance with this rule, intervention is proper because VPC has timely applied for intervention; as a consequence of FEMA's award decision, VPC has a strong economic interest in the transaction that is the subject of this action; VPC's protection of its interest will be impaired or impeded without its participation; and because VPC's interest will not be adequately represented by the existing parties.

VPC has been identified as the awardee under the RFP, an award which Elias challenges in this protest.  Accordingly, VPC has a direct and substantial economic interest in the instant case, the disposition of which will significantly affect VPC's profits and revenues.  Moreover,

Elias's request for remedies would, if granted, necessarily prevent VPC's performance of the contract contemplated by the RFP.

Generally, parties "'whose direct economic interest would be affected by the award of the contract or by failure to award the contract'" are permitted to intervene in bid protests under RCFC 24(a). Galen Med. Assocs., Inc. v. United States, 56 Fed. Cl. 104, 108 (2003) (quoting Am. Fed'n of Gov't Employees v. United States, 258 F.3d 1294, 1299–1302 (Fed. Cir. 2001)); see also Karuk Tribe v. United States, 28 Fed. Cl. 694, 696 (1993) (finding that to intervene as a matter of right, "an applicant-intervenor must demonstrate a direct, immediate, legally protectable interest in the proceedings, such that the intervenor would 'either gain or lose by the direct legal operation and effect of the judgment.'") (citation omitted). Under this standard, VPC plainly has an interest in this protest such that it has the right to intervene under Rule 24(a).

Intervention is also proper because VPC's interests are not adequately protected by the Government. Courts only require a "minimal" burden to show that intervention is necessary on the ground that representation by existing parties may be inadequate. Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972). Although the Government will presumably defend the bid protest zealously in furtherance of its own interest, VPC is in the best position to describe to the Court, if necessary, VPC-specific information contained in the administrative record as well as the harm it would suffer if the Court were to find that FEMA improperly made award to VPC.

Moreover, the business interests of VPC, as the contract awardee, are not necessarily identical to the institutional interests of the Government. As of the date of this filing and to VPC's knowledge, the Government has not made any claim in this litigation to be an adequate representative of VPC's interests, nor could it do so. When the party that is expected to

represent the intervenor's interest is a government body or officer, no presumption exists that such representation would be adequate, unless that body or officer is legally obligated to represent the interests of the absentee.  See Natural Res. Def. Council, Inc. v. EPA, 99 F.R.D. 607, 610 n.5 (D.D.C. 1983).  No such legal obligation exists here.

      **B.**      **VPC Should Be Permitted to Intervene**

Even if VPC is not permitted to intervene as of right, it should be permitted to intervene in accordance with RCFC 24(b), which provides that "[o]n timely motion, the court may permit anyone to intervene who: . . .  has a claim or defense that shares with the main action a common question of law or fact."  Neither Elias nor the Government can reasonably dispute that VPC's potential claims and defenses related to FEMA's contract award to VPC have common questions of law or fact with the issues presented by this bid protest.  Accordingly, VPC should be permitted to intervene in this bid protest and defend its interest.

### III.    CONCLUSION

For the foregoing reasons, VPC is entitled to intervene (1) as a matter of right under Rule 24(a); or (2) by permission under Rule 24(b).

WHEREFORE, Vision Planning & Consulting, LLC respectfully requests that the Court grant its Unopposed Motion to Intervene in this action.

Respectfully submitted,

Dated:  October 12, 2017

s/Patrick T. Rothwell
Patrick T. Rothwell, Esq.
PilieroMazza PLLC
888 17th Street, NW, 11th Floor
Washington, DC 20006
(202) 857-1000 (phone)
(202) 857-0200 (fax)
prothwell@pilieromazza.com

*Counsel for Movant for Intervention, Vision Planning & Consulting, LLC*

Of Counsel:

Pamela J. Mazza
Julia Di Vito
Timothy F. Valley
PilieroMazza PLLC
888 17th Street, NW, 11th Floor
Washington, DC  20006
(202) 857-1000 (phone)
(202) 857-7836 (fax)
pmazza@pilieromazza.com
jdivito@pilieromazza.com
tvalley@pilieromazza.com

## **CERTIFICATE OF FILING**

Movant for Intervention has filed this document electronically via the ECF electronic filing Website of the United States Court of Federal Claims and in accordance with the Rules of the Court of Federal Claims, Appendix E, Rule 12 has, therefore, served notice on counsel of record.

Dated:  October 12, 2017　　　　　　　　　　s/Patrick T. Rothwell_____
　　　　　　　　　　　　　　　　　　　　　　Patrick T. Rothwell, Esq.
　　　　　　　　　　　　　　　　　　　　　　PilieroMazza PLLC
　　　　　　　　　　　　　　　　　　　　　　888 17th Street, NW, 11th Floor
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　　　　　　(202) 857-1000 (phone)
　　　　　　　　　　　　　　　　　　　　　　(202) 857-0200 (fax)
　　　　　　　　　　　　　　　　　　　　　　prothwell@pilieromazza.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Movant for Intervention, Vision Planning & Consulting, LLC*